White *v.* Scofield *et al.,* and *vice versa.*

By amendment to an action of ejectment, it was alleged that the real plaintiff claimed title under certain described conveyances begin-

ning with one of the six heirs of H, the grantee of the State; that
the attorney in fact of the other five heirs conveyed the remaining
undivided five sixths to N, who, with knowledge that the other
.sixth had been bought and paid for by the plaintiff's predecessors
in title, and with intent to defraud her, pretended to convey all
of the land to the defendants, who bought with full notice of her
rights and title and placed valuable improvements on the lot, ren-
dering it impracticable to divide it in kind.  She prayed that the
portion covered by the conveyances under which she claimed be
decreed to be her property and be set apart to her in money after
valuing and partitioning the whole tract, or that she be declared
to be a tenant in common with the defendants; and that the deed
from N to the defendants be reformed as a cloud upon her title.
*Held:*

1. The amendment set forth plainly, fully and distinctly the ground
on which the plaintiff relied, and was not demurrable generally;
but a special demurrer as to the relief prayed for would have been
sustainable.

2. A deed in the chain of title under which the plaintiff claimed
was admissible in evidence, though no possession under it by the
parties thereto had been shown.

3. Letters from N to plaintiff's predecessors in title, offering to pur-
chase their interest in the land and recognizing them as having a
claim to a portion of it, were admissible in evidence.  But if the
plaintiff should subsequently have failed to show knowledge on
the part of the defendants of the same and the admissions therein
contained, she could not recover.

4. Had the rulings of the court in rejecting testimony been correct, a
nonsuit would have been proper.

December 4, 1889.

Ejectment.  Amendment.  Pleadings.  Demurrer.
Evidence. Deeds. Notice. *Bona fides.* Nonsuit. Prac-
tice.  Before Judge Wellborn.  Rabun superior court.
March term, 1889.

Reported in the decision.

Payne & Hull, for plaintiff.

Barrow & Thomas and A. S. Erwin, for defendants.

Blandford, Justice.

This was an action of ejectment brought by John
Doe upon two demises, one from Potomac R. Beale,
Cherubusco Beale and Tallulah Branch, and the other
from Sarah E. White, against Richard Roe, casual

ejector, and Scofield and Moss, tenants in possession, to recover possession of lot of land 184 in the 13th district of originally Habersham, now partly Habersham and partly Rabün county. On the trial, the plaintiff relied only on the demise from Sarah E. White, and the other demise was stricken. The plaintiff also relied upon an amendment, to the effect that the plaintiff's lessor, Sarah E. White, only claimed an undivided twelfth of said lot of land, and that she relied upon a grant from the State to Hines Holt dated November 16th, 1838; that Holt died seized and possessed of the land, leaving six heirs at law, one of whom married N. L. Hutchins, who by virtue of his marital rights became seized and possessed of an undivided sixth interest in the land, and who, by deed dated December 21st, 1850, conveyed said land to William Beale; and that Beale, by his agent and attorney in fact, by deed dated 6th of May, 1852, conveyed the land to A. H. Brisbane and Edward B. White; and that Edward B. White, who was the father of the plaintiff's lessor, by deed dated 17th May, 1880, conveyed one half of said land to her. The amendment further avers that Hutchins, as attorney in fact for the other heirs of Hines Holt, on July 9th, 1855, made a deed to A. J. Nichols, by which he conveyed to him five sixths of said land; and that said Nichols bought with full knowledge that said Brisbane and White had bought and paid the purchase money for the other sixth of said land, and were the owners thereof at the time he purchased from Hutchins as aforesaid; that Nichols, after his said purchase, disclaimed title and ownership to said one sixth, and admitted that Brisbane and White were the true owners thereof, and offered and endeavored to purchase said one sixth interest from them; but that notwithstanding these facts, said Nichols, combining and confederating with R. L. Moss and A. K. Childs, to defraud the peti-

tioner, pretended to sell and convey all of the said lot to said Moss and Childs; that said Moss and Childs bought with full notice of the rights and title of the petitioner, and that they had put valuable improvements on the lot, which rendered it impracticable to divide or partition the lot in kind. To this amended declaration the defendants demurred generally; the demurrer was overruled, and they filed exceptions *pendente lite.*

1. If there had been a special demurrer to the amendment as to the relief prayed, the same should have been allowed; but we are of the opinion that the court was right in not sustaining the general demurrer to the amendment. The amendent merely sets forth plainly, fully and distinctly the ground upon which the plaintiff relies for recovery; so there could be no error in sustaining this part of the amendment and in overruling the demurrer to the same.

2. The plaintiff tendered in evidence a quit-claim deed from N. L. Hutchins to William Beale to the land sued for; and a deed which purported to have been made by James Beale, as attorney in fact for William Beale; also a power of attorney purporting to have been signed by William Beale, authorizing James Beale to sell this lot of land and collect the money therefor. He afterwards offered evidence tending to show that James Beale, as agent of William Beale, had been in possession of some portion of this land. The deed from William Beale to Brisbane and White, and the power of attorney from William Beale to James Beale, were objected to, upon the ground that the evidence did not show seven years' possession under the same. The plaintiff contended that it was admissible as showing at least color of title. The court rejected the deed and the power of attorney, and the plaintiff alleges this to be error.

We think the deed without more should have been allowed to go in evidence to the jury. Whether the plaintiff could have shown possession under it or not, by any evidence which she might thereafter have introduced, we do not know, but we think, under the whole facts of the case as stated in the amended declaration, this deed was admissible in evidence, whether any possession had or had not been shown in James Beale or William Beale, or in Brisbane and White, under the same.

3. The plaintiff further tendered in evidence certain letters written by Nichols to Brisbane and White, in which he offered to purchase the interest of Brisbane and White in this land, and recognized Brisbane and White as having a claim to a portion of the land. These letters were objected to on the part of the defendants' counsel, and the court sustained the objection and the plaintiff excepted. We think these letters were admissible in evidence to the jury, as the case then stood. Whether the plaintiff could have shown knowledge on the part of the defendants at the time they purchased from Nichols or not, we are not prepared to say. Before this testimony could have availed anything to the plaintiff, the plaintiff would have had to show that the defendants, at the time they purchased, had knowledge of these admissions as contained in the letters offered to be introduced in evidence at the time of their purchase, so as to bind them. If they were *bona fide* purchasers without notice from Nichols of any admissions of Nichols as to the title of Brisbane and White, then this testimony would not have affected them; but the court rejected this testimony, and having rejected it, any knowledge which the defendants had of these admissions would have clearly been inadmissible. We think that these letters should have been admitted in evidence, and if the plaintiff should thereafter have

failed to show knowledge on the part of the defendants of these letters and the admissions therein stated, the plaintiff could not recover.

4. It is complained that the court erred in granting a nonsuit. If the decisions of the court in ruling out the deed to Brisbane and White, and the admissions of Nichols after the purchase that Brisbane and White were the owners of a part of this land, had been correct, a nonsuit was proper, and there was no error in granting the same, as the case then stood.

The case made by the plaintiff after having amended the declaration, was one not for recovery by a prescriptive title, but for recovery by actual title. by deed. So in the view we take of it, it would make no difference whether Beale ever had possession of this land or any portion thereof; if the plaintiff had title thereto, she would be entitled to recover; and having been prevented by the rulings of the court from making out her title, the judgment is                    *Reversed.*